Ben E. Embry, CFLS.  SBN 268623
EMBRY FAMILY LAW P.C.
2635 Camino del Rio S. Suite 208
San Diego, California 92108
ben@embryfamilylaw.com
P:  619.440.5716
F:  619.550.3535
Attorneys for Movant / Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE BANKRUPTCY OF:**<br><br>**EDWARD FAIRHURST,**<br><br>**Debtor.**<br>—————————————————<br>**EDWARD FAIRHURST,**<br>**Plaintiff,**<br><br>**v.**<br><br>**ROXANNE FAIRHURST,**<br>**Defendant.** | **CASE NO.:  6:13-bk-30653**<br><br>**Chapter 7**<br><br>**Adversary No.**<br><br>**COMPLAINT TO DETERMINE**<br>**DISCHARGABILITY OF DEBT** |

THE COMPLAINT OF DEBTOR / PLAINTIFF, EDWARF FAIRHURST, Respectfully Presents:

1.    Plaintiff is the debtor in this case.

2.    The Court has jurisdiction under 11 U.S.C. § 523(a) and 28 U.S.C. § 1334. This adversary proceeding relates to the above-reference case Under Chapter 7 of the bankruptcy Code, now pending in the United States Bankruptcy Court, Central District of California.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

3.    On May 16, 2014, an order was made herein granting to Plaintiff a discharge in bankruptcy and said order has now become final.

4.     In the schedules of debts in this proceeding, Plaintiff listed as a creditor ROXANNE FAIRHURST, the former spouse of Plaintiff, which listing was in the amount of $30,000.00.  Said debt is an allowable debt in that it is a fixed liability by an instrument in writing, to wit, a contract of division of property between Plaintiff and said former spouse.  A copy of said Marital Settlement agreement is attached hereto, marked **EXHIBIT 1** and made part hereof by reference.  Said allowable debt was released by the discharge herein granted.  Plaintiff is informed and believes that defendant makes some contention that Plaintiff is indebted to Defendant and that the debt is non-dischargable.

5.     The debt is not a domestic support obligation, but is one based on property division, and as such, it is dischargeable pursuant to 11 U.S.C. § 523(a)(15) and In re Emelity, 251 B.R. 151 (Bankr. S.D. Cal. 2000); In re Beckford, 257 B.R. 7 (Bankr. C.D. Cal. 2000); and In re Marriage of Lynn, 101 Cal.App.4th 120 (2002).

**WHEREFORE**, Plaintiff prays that it be determined, adjudged and decreed that the debt of Plaintiff to ROXANNE FAIRHURST is dischargeable by virtue of the order of discharge hereinbefore granted by this court, and that it be determined that this debt is not one for domestic support as described in Code Section 523(a)(5), and that it be determined in the alternative that the debt is dischargeable under Code section 523(a)(15).

EMBRY FAMILY LAW P.C.

Dated: March 13, 2019

_____

BEN E. EMBRY, CFLS
Attorney for Plaintiff
EDWARD FAIRHURST

FL-180

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

MARISA L. MONTGOMERY, ESQ. (#216486)
Law Offices of Marisa L. Montgomery
3333 Camino del Rio South, #215
San Diego CA 92108

TELEPHONE NO: 619-521-2000    FAX NO. (Optional): 619-296-3700
E-MAIL ADDRESS (Optional): marisa@marisalaw.com
ATTORNEY FOR (Name): ROXANNE K. FAIRHURST

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 250 E. Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: El Cajon CA 92020
BRANCH NAME: El Cajon Judicial District

MARRIAGE OF
PETITIONER: ROXANNE K. FAIRHURST

RESPONDENT: EDWARD J. FAIRHURST, JR.

FOR COURT USE ONLY

**COPY**

F I L E D
Clerk of the Superior Court

SEP - 6 2007

By: S. CUNNINGHAM, Deputy
EAST COUNTY DIVISION

JUDGMENT

[X] DISSOLUTION    [ ] LEGAL SEPARATION    [ ] NULLITY
   [ ] Status only
   [ ] Reserving jurisdiction over termination of
       marital or domestic partnership status
   [ ] Judgment on reserved issues            SEP - 6 2007
Date marital or domestic partnership status ends:

CASE NUMBER:

ED 65855

1. [ ] This judgment [ ] contains personal conduct restraining orders [ ] modifies existing restraining orders.
   The restraining orders are contained on page(s)      of the attachment. They expire on (date):

2. This proceeding was heard as follows: [ ] Default or uncontested [X] By declaration under Family Code section 2336
   [ ] Contested
   a. Date: SEP - 6 2007     Room:
   b. Judicial officer (name): ALAN B. CLEMENTS    [ ] Temporary judge
                              COMMISSIONER         [ ] Attorney present in court (name):
   c. [ ] Petitioner present in court (name):       [ ] Attorney present in court (name):
   d. [ ] Respondent present in court (name):       [ ] Attorney present in court (name):
   e. [ ] Claimant present in court (name):         [ ] Attorney present in court (name):
   f. [ ] Other (specify name):

3. The court acquired jurisdiction of the respondent on (date): 11/8/05
   a. [ ] The respondent was served with process.
   b. [X] The respondent appeared.

THE COURT ORDERS, GOOD CAUSE APPEARING

4. a. [X] Judgment of dissolution is entered. Marital or domestic partnership status is terminated and the parties are restored to the
          status of single persons
          (1) [X] on (specify date): SEP - 6 2007
          (2) [ ] on a date to be determined on noticed motion of either party or on stipulation.
   b. [ ] Judgment of legal separation is entered.
   c. [ ] Judgment of nullity is entered. The parties are declared to be single persons on the ground of (specify):

   d. [ ] This judgment will be entered nunc pro tunc as of (date):
   e. [ ] Judgment on reserved issues.
   f. The [ ] petitioner's [ ] respondent's   former name is restored to (specify):
   g. [ ] Jurisdiction is reserved over all other issues, and all present orders remain in effect except as provided below.
   h. [ ] This judgment contains provisions for child support or family support. Each party must complete and file with the court a
          Child Support Case Registry Form (form FL-191) within 10 days of the date of this judgment. The parents must notify the
          court of any change in the information submitted within 10 days of the change, by filing an updated form. The Notice
          of Rights and Responsibilities—Health Care Costs and Reimbursement Procedures and Information Sheet on Changing a
          Child Support Order (form FL-192) is attached.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
FL-180 [Rev. January 1, 2007]

JUDGMENT
(Family Law)

Legal
Solutions
Plus

Family Code, §§ 2024, 2340,
2343, 2346

EXHIBIT 1
1 of 24

1 | Dissolution of Marriage of Fairhurst                    Case Number: ED 65855

2 |                          ATTACHMENT TO JUDGMENT

3 | ————————————————————————————————————————————

4 | The parties agree to the following:

5 | Husband's name is EDWARD FAIRHURST

6 | Wife's name is ROXANNE FAIRHURST

7 | The parties were married on September 27, 2002; and, separated on September 27, 2005.

8 | The total length of the marriage is: Three (3) years and zero (0) months.

9 | There are no children of this marriage.

10 | 1.    *SPOUSAL SUPPORT*

11 | Husband and Wife knowingly and intelligently waive the right to receive spousal support from the

12 | other party at any time and request the Court terminate jurisdiction over this issue.  Each of us

13 | understands that the Court will not have the power to order spousal support payable by Husband

14 | or Wife to the other party at any time, regardless of any future circumstances.

15 | 2.    *COMMUNITY PROPERTY AWARDED TO HUSBAND*

16 | Husband is awarded as his sole and separate property the following:

17 | 2003 Ford F-150

18 | 401(k) held in Husband's Name

19 | Community's interest in the Residence located at 2425 Dehesa Road, El Cajon, California, 92019

20 | (Subject to the terms set forth below)

21 | 3.    *COMMUNITY PROPERTY AWARDED TO WIFE*

22 | Wife is awarded as her sole and separate property the following:

23 | Business known as San Diego Party Linens and any obligations associated therewith

24 | Ford Explorer

25 | All Dogs – Dachshunds

26 |

27 | ——————————————————————————————————————

28 | Marriage of Fairhurst              Page 1 of 23        Attachment to Judgment (7-27)

**EXHIBIT 1**
**2 of 24**

4.    *RESIDENCE LOCATED AT 2425 DEHESA ROAD, EL CAJON CA 92019*

a.    The parties understand that each has positions regarding characterization of the residence as an asset to the community, or as a separate property asset to Husband.  There have been extensive negotiations regarding the characterization and each party's respective share of the interest in the residence.  Some issues raised were Husband's intention when including Wife's name on the deed, Husband's premarital tax and other debts paid during the marriage from a refinance of the property, Wife's premarital credit card debt paid during marriage from a refinance of the property, several refinances of the property prior to and after the date of separation and vehicles purchased with or outstanding vehicle related loans paid from the refinance of the property.  The following represents a global compromise of each party's position regarding all issues related to the characterization of the residence and the debts paid and disposition of all funds received from the refinances of the property.

b.    Husband is awarded the residence as his sole and separate property subject to the Wife's interest set forth below.  Husband shall refinance the currently existing mortgage in Wife's name by December 31, 2007, so that Husband is solely liable for the mortgage on the residence.  Pending the refinance, Husband shall pay the current monthly mortgage, taxes and property insurance for the residence and shall indemnify and hold Wife harmless from these expenses.  Husband may be permitted to take cash out of the residence through the refinance.  Husband may take up to, including costs, $21,000 in total.  Husband shall not further encumber the property without Wife's written consent and or payment in full to Wife as set forth by this section.  Wife shall fully cooperate with any attempt made by Husband to refinance the property for the purpose of paying Wife her interest set forth below.  In the event Husband is unable to refinance so that Husband is solely liable for the mortgage on the residence, Husband may take an equity line of credit of up to $21,000, secured by the property.  Wife shall remain on title until such time as the

1   property is refinanced so that Husband is solely responsible for the loan, or Husband pays Wife

2   her interest in full as set forth by this section, which ever shall occur first.

3       c.     After the refinance, Husband shall keep current the monthly mortgage, taxes,

4   insurance and other costs associated with the residence.

5       d.     Wife acknowledges that she has received or received the benefit of, the following

6   payments which were considered in determining the equalizing payment set forth below.

7           i.     Cash to Wife:  $9,811.00

8           ii.     Post Separation Credit Card Debt Paid on Wife's Behalf:  $11,860.00

9           iii.     Payoff of the loan for Wife's automobile.

10       e.     Upon the sale of the residence, or three years from the execution of this Agreement,

11   whichever occurs first Wife, shall receive an additional $30,000, as an equalizing payment for her

12   interest in the residence.  To secure Wife's interest in the property, Husband shall execute a note

13   secured by a deed of trust for the residence.  In the event the property is not sold or Husband fails

14   to pay Wife the $30,000 in the time set forth by this section, Husband shall pay interest on the note

15   at the then presently existing legal rate until such time as the note is paid in full.  Interest shall

16   accrue from the last day provided by the document for timely payment, three years from the date of

17   execution of this Agreement, until the note is paid in full.  In addition, if Husband fails to pay the

18   note in full within the time allotted for payment, Husband shall pay a penalty of $5,000.  In the

19   event one year lapses from the  last day provided by the document for timely payment, Wife, at

20   Wife's sole discretion, may demand that the property be sold, or seek an addition $5,000 penalty,

21   each year until the note is satisfied in full.  Interest shall accrue on the penalty at the legal rate

22   beginning 30 days after the penalty is assessed. *Any fees paid to Attorney*

23   *Montgomery pursuant to the Family Law Attorney's Real Property*

24   *Lien shall be a credit to Husband towards the amount*

25   *owed under this section.* RKF          (Initial)
                       (Roxanne)     Edward

26

1    f.      Wife shall record said note after Husband refinances the presently existing

2    mortgage as provided above.  Wife shall sign any and all documents necessary for Husband to

3    refinance the residence.  The Court shall reserve jurisdiction to make further orders, including, but

4    not limited to, appointing an ellisor, and to resolve any disputes between the parties that may arise

5    with regards to the disposition of the residence.  Should any party request the Court issue an order

6    for an ellisor, that party may request the Court do so via ex parte request with appropriate notice to

7    the other party.

8    g.      In the event that Husband fails to pay the monthly expenses associated with the

9    residence as set forth by this section, Wife, at Wife's sole discretion, shall have first option to

10   purchase the residence.  Wife shall exercise said option by providing Husband with her election in

11   writing within fifteen (15) days of receiving notice from Husband of his default.  Husband shall

12   immediately notify Wife of any Notice of Default recorded against the property, if property

13   insurance lapses and if any other liens not provided for herein are recorded against the property.

14   If the property falls into foreclosure prior to the recordation of Wife's note, the first $30,000 in

15   proceeds from the foreclosure shall be paid directly to Wife.  If the proceeds are insufficient to pay

16   the debt to Wife, Husband shall pay the balance due to Wife within 90 days of foreclosure.

17   h.      Wife shall vacate and remove her belongings from the residence on July 31, 2007.

18   Wife shall pay the utility bills incurred while she resided in the property.

19   i.      Husband shall have the unfettered discretion to occupy the residence himself or to

20   rent any or all parts of the residence.   Husband shall have sole management and control of the

21   residence. Husband shall maintain appropriate liability insurance if he rents the property during any

22   time prior to his refinance of the presently existing mortgage.

23

24

25

26

27   Marriage of Fairhurst                    Page 4 of 23              Attachment to Judgment (6/22/07)

28

EXHIBIT 1
5 of 24

1     j.      The parties may utilize those tax deductions associated with the family residence

2     they are entitled to use pursuant to the current Internal Revenue Service Code.  The parties are

3     advised to consult their tax advisor regarding what they may be entitled to deduct.  The Court shall

4     reserve continuing jurisdiction over this issue in the event a dispute arises between the parties.

5     The parties shall use their best efforts, including, but not limited to, providing written meet and

6     confer letters, before submitting the issue to the Court for resolution.  The party who prevails at

7     Court shall be entitled to reasonable attorneys' fees and costs from the non-prevailing party.  The

8     Court shall have the discretion to consider each party's efforts to resolve the issue in making its

9     determination regarding the amount of attorney fees to be ordered and regarding whether each

10    party made a reasonable good faith effort to resolve the issue prior to submitting the same to

11    Court.

12    5.      HOUSEHOLD FURNITURE AND FURNISHINGS

13    The parties shall divide their household furniture and furnishings.  Wife is awarded the items set

14    forth by the attached list.  Wife is also awarded all items associated with San Diego Party Linens,

15    without offset.  All other large items, furniture and electronics shall be awarded to Husband.  All

16    minor household items such as dishes, throw rugs, plants and art shall be equally divided by

17    mutual agreement of the parties.  If the parties are unable to divide their household items, the court

18    shall reserve jurisdiction to resolve any disputes regarding the division of these assets.  The

19    parties shall use their best efforts to resolve any issues that may arise between them regarding the

20    division of their personal property and shall meet and confer in writing before tendering the issue to

21    the Court.

22

23

24

25

26

EXHIBIT 1
6 of 24

1   6.    SEPARATE PROPERTY

2         Each party is awarded his or her personal jewelry, clothing and personal effects as his or

3   her sole and separate property.  Each party is awarded and bank accounts standing in his or her

4   name alone.  Each party is awarded his or her Social Security Benefits.

5   7.    DEBTS

6         A.    Other than the debt related to the residence there are no outstanding community

7   debts.  The parties shall each pay and hold the other harmless for any and all debt in his or her

8   name alone.  All debts, regardless of when incurred, shall be allocated to the party who incurred

9   the debt as their sole and separate debt.

10        B.    Any liability or obligation, including but not limited to tax obligations, incurred at any

11  time by either party and not expressly identified in this Agreement, including its exhibits, as

12  payable in whole or in part by the other party, shall be paid solely by the party incurring it.

13        C.    Except as may be expressly provided to the contrary in this Agreement, the party to

14  whom an item of property is entirely awarded or confirmed under this Agreement shall be solely

15  responsible for all obligations, including but not limited to, tax obligations, incurred at any time

16  relative to the asset.

17        D.    The party responsible for payment of an obligation pursuant to this section shall

18  defend, indemnify and hold the other party harmless from all liabilities, costs and expenses relative

19  to that obligation, including reasonable attorney fees and costs incurred by the other party in

20  defending or responding to any collection action.

21        E.    The parties understand that even though a debt or obligation is assigned to one

22  party hereby, if that party does not pay the debt or obligation, the creditor may be able to collect

23  the debt or obligation from the other party.

24

25

26

27  Marriage of Fairhurst            Page 6 of 23          Attachment to Judgment (6/22/07)

28

EXHIBIT 1
7 of 24

1    8.      APPEARANCE STIPULATION AND WAIVERS

2          This matter may proceed on the Default or uncontested calendar and before a

3    commissioner or a pro tem judge.

4       The parties waive their rights to Notice of Trial, a Statement of Decision, to move for a new trial,

5    and to appeal.

6          Responding party is a member of the military services of the United States of America and

7    waives all rights under the Soldier and Sailors Civil Relief Act of 1940, as amended, and does not

8    contest this proceeding.

9          Husband and Wife acknowledge being fully informed of the facts relating to the subject

10   matter of this agreement and as to each of their rights and responsibilities.  Husband and Wife

11   declare that they are entering this agreement voluntarily, free from fraud, coercion or duress of any

12   kind.  Each party declares that he or she has read and fully understands each of the terms of this

13   agreement.

14   9.      PAYMENT OF ATTORNEY'S FEES AND COSTS

15          Except as provided to the contrary in this Agreement, or as previously paid pursuant to

16   orders issued in this action, Husband and Wife shall each pay their own attorney's fees and costs

17   and other expenses related to the preparation of this Agreement and the legal proceedings

18   between the parties in an amount and on the terms agreed to between each of them and their

19   respective attorneys.

20   10.     MUTUAL WAIVER OF DISCOVERY

21   Husband and Wife have negotiated the settlement of their marital rights.  This Agreement contains

22   the terms and provisions of that settlement.  The parties have accepted the statements of each

23   other or have relied upon their own knowledge concerning the facts.  Each party acknowledges

24

25

26

27   Marriage of Fairhurst              Page 7 of 23        Attachment to Judgment (6/22/07)

28

**EXHIBIT 1**
**8 of 24**

1  that no independent investigation or formal discovery has been undertaken by his or her respective

2  attorney concerning the parties' incomes, the existence of assets and obligations or as to the

3  characterization, valuation, award, confirmation and assignment of the assets and obligations.

4  Each party confirms that in order to minimize legal fees and costs his or her attorney has been

5  instructed to refrain from investigation and discovery, and that he or she desires to enter into this

6  Agreement without the benefit of any such procedures.

7  11.   DIVISION OF OMITTED COMMUNITY PROPERTY

8       The San Diego Superior Court shall reserve jurisdiction to award or assign equally to the

9  parties any assets or liabilities omitted from division under this Agreement which would have been

10  their community assets or liabilities as of the effective date of this Agreement.  This Section is not

11  intended to impair the availability, in a court of competent jurisdiction, of any other remedy arising

12  from the omission of community assets or liabilities, including without limitation, the remedies set

13  forth in Family Code §2556.

14  12.   FULL DISCLOSURE AND WARRANTY RE OBLIGATIONS

15       A.   Husband warrants to Wife he has not incurred, and he covenants he will not incur,

16  any liability or obligation for which Wife is or may be liable, with the exception of the obligations

17  identified in this Agreement.  Husband covenants, except as may be expressly provided in this

18  Agreement, that if any claim, action or proceeding shall later be brought seeking to hold Wife liable

19  on account of any of Husband's debts, liabilities, acts or omissions, Husband shall, at his sole

20  expense, defend Wife against any claim or demand (whether or not well-founded) and Husband

21  shall indemnify and hold Wife free and harmless from all costs, expenses and liabilities in

22  connection with the claim or demand, including reasonable attorney fees and costs incurred by

23  Wife in defending or responding to any collection action.

24

25

26

27  Marriage of Fairhurst                    Page 8 of 23              Attachment to Judgment (6/22/07)

28

**EXHIBIT 1**
**9 of 24**

1    B.    Wife warrants to Husband she has not incurred, and she covenants she will not

2    incur, any liability or obligation for which Husband is or may be liable, with the exception of the

3    obligations identified in this Agreement.  Wife covenants, except as may be expressly provided in

4    this Agreement, that if any claim, action or proceeding shall later be brought seeking to hold

5    Husband liable for any of Wife's debts, liabilities, acts or omissions, Wife shall, at her sole

6    expense, defend Husband against any claim or demand (whether or not well-founded) and Wife

7    shall indemnify and hold Husband free and harmless from all costs, expenses and liabilities in

8    connection with the claim or demand, including reasonable attorney fees and costs incurred by

9    Husband in defending or responding to any collection action.

10    *14.    LIABILITY ON PRIOR TAX RETURNS*

11    a.    Except as provided to the contrary in this Agreement, the parties shall pay one-half

12    of any and all liabilities and expenses (including accounting and legal fees) relating to any tax

13    liabilities asserted by federal, state or local taxing authorities arising out of any review of the

14    parties' personal income tax returns for any period for which they filed joint returns.  However, each

15    party shall individually bear and indemnify the other party for any liabilities and expenses resulting

16    from his or her unreported separate property income, or from unreported community property

17    income known only to and solely benefiting that party, or from individual deductions or expenses

18    claimed by that party that are disallowed.

19    b.    A party shall reimburse the other party for all damages and costs incurred as a

20    result of a party's failure to abide by the terms of this section, including reasonable attorney's fees,

21    costs, and accountant's fees, whether incurred in defending an action by the taxing authorities or in

22    enforcing the provisions of this section.

23

24

25

26

27    Marriage of Fairhurst                 Page 9 of 23              Attachment to Judgment (6/22/07)

28

**EXHIBIT 1**
**10 of 24**

1   15.   *FILING OF TAX RETURNS*

2        The parties shall file separate federal and state joint income tax returns for the calendar

3   year ending December 31, 2007.

4   16.   *TAX DOCUMENTATION*

5        A.      Each party shall forward to the other a copy of any tax deficiency notice or other

6   correspondence or documentation received from any federal, state or local taxing authority relating

7   to any joint returns filed by Husband and Wife.  Each party agrees to cooperate fully with the other

8   and to execute any document reasonably requested by the other, and to furnish information and

9   testimony with respect to any tax liability asserted by taxing authorities on any joint return.

10       B.      A party shall reimburse the other party for all damages and costs incurred as a

11  result of a party's failure to abide by the terms of this section, including reasonable attorneys' fees,

12  costs, and accountants' fees, whether incurred in defending an action by the taxing authorities or in

13  enforcing the provisions of this section.

14  17.   *REPORTING OF INCOME AND INDEMNITY*

15       It shall be each party's responsibility to report all income, losses or deductions (or other

16  taxable consequence) to the taxing authorities in a manner consistent with the terms of this

17  Agreement.  In the event either party reports income, losses or deductions (or treats the division of

18  property) in a manner inconsistent with the terms of this Agreement, that party shall indemnify the

19  other party for reasonable attorneys and accountants fees, and costs of litigation in defending the

20  reporting required by this Agreement against the other party or taxing authorities.  In addition, each

21  party shall indemnify the other for taxes, interest, penalties and other assessments arising as a

22  result of the reporting of income (or the treating of the division of property) in a manner inconsistent

23

24

25

26

27  Marriage of Fairhurst                    Page 10 of 23          Attachment to Judgment (6/22/07)

28

EXHIBIT 1
11 of 24

1    with the terms of this Agreement.  This Section shall apply to all forms of tax returns required by

2    any governmental agency.

3    18.    ADVISEMENT REGARDING FUTURE PROPERTY RIGHTS

4        A.    The parties acknowledge that Family Code section 2024(b) provides, in pertinent

5    part:

6

7        Please review your will, insurance policies, retirement benefit plans,
         credit cards, other credit accounts and credit reports, and other

8        matters you may want to change in view of the dissolution or
         annulment of your marriage, or your legal separation.  Dissolution or

9        annulment of your marriage may automatically change a disposition
         made by your will to your former spouse.

10

11       B.    The parties further acknowledge being advised (a) to consider the immediate

12   drafting and execution of a new will and/or trust, and (b) to review all property rights and

13   employment benefits which have survivorship or inheritance factors (such as life insurance,

14   pensions, inter vivos trusts, joint tenancy property, and bank accounts), all to ensure their present

15   intentions are accurately expressed in each instance.

16   19.    PAYMENT OF DEBTS OR OBLIGATIONS

17   In the event a party to this Agreement is required to pay or to hold the other party harmless from

18   some debt or obligation, and the party fails to pay or hold the other party harmless from the debt or

19   obligation, then the other party may pay some or all of the debt or obligation.  The party making the

20   payment shall be entitled to recover from the spouse obligated to make the payment, by noticed

21   motion in the dissolution of marriage action, the amount of the payment so made, together with

22   interest thereon at the legal rate.  Alternatively, the other party may deduct the payment from any

23   monies owed by the other party to the party who breached this covenant to hold the other party

24

25

26

27   Marriage of Fairhurst          Page 11 of 23          Attachment to Judgment (6/22/07)

28

EXHIBIT 1
12 of 24

1  harmless.  However, a party shall not pay such a debt or obligation without first advising the other

2  in writing of their intention to do so, and waiting seven days from the date the notice is given.

3  Furthermore, the set-off provided for in this Section shall not be allowed with regard to any claim or

4  demand as to which within the seven day period a party represents in a writing delivered to the

5  other party that a legal defense exists, unless and until the asserted legal defense is decided or

6  settled adversely to that party.  This remedy is declared to be cumulative of the rights at law of the

7  other party and not exclusive.

8  20.    *CREDIT CARD SURRENDER*

9         Husband agrees to surrender to Wife any credit card bearing the name of Wife alone and

10  further agrees to terminate or change to an account in his name only any credit card in his

11  possession which bears the name of both Husband and Wife.  Wife agrees to surrender to

12  Husband any credit card bearing the name of Husband alone and further agrees to terminate or

13  change to an account in her name only any credit card in her possession bearing the name of

14  Husband and Wife.  Each party shall cooperate with the other in terminating any joint credit cards

15  and arranging for new and separate credit cards.

16  21.    *TERMINATION OF JOINT TENANCIES*

17         Effective as soon as both parties have signed this Agreement, any and all joint tenancy

18  (with rights of direct survivorship) ownerships between the parties are terminated.  The parties

19  shall own those assets as tenants-in-common.  This Section applies to all ownerships including,

20  but not limited to, real property, vehicles or institutional accounts.  Upon execution of this

21  Agreement and without regard to record title status, each party waives all rights of direct

22  survivorship from the other party.

23

24

25

26

27  Marriage of Fairhurst                Page 12 of 23          Attachment to Judgment (6/22/07)

28

**EXHIBIT 1**
**13 of 24**

1  22.  REIMBURSEMENT WAIVER

2      As part of the division of the community property, except as may be specifically provided to

3  the contrary in this Agreement, each party waives all rights to reimbursement for the following:

4      A.  Epstein credits (In re Marriage of Epstein (1979) 24 Cal.3d 76) and all rights

5  to reimbursement to which a party may be entitled as a result of the payment of community

6  obligations since the date of separation;

7      B.  Watts credits (In re Marriage of Watts (1985) 171 Cal.App.3d 366) and all

8  rights to reimbursement to which a party or the community may be entitled as a result of one

9  party's use of community assets since separation;

10      C.  All rights to reimbursement under Family Code §2640, or otherwise, for

11  separate property contributed to the acquisition or maintenance of community property; and,

12      D.  All rights to reimbursement under Family Code §2641 or otherwise due the

13  community or a party for contributions made by the community or either of the parties to the

14  education or training of a party.

15  23.  VEHICLES - HOLD HARMLESS

16      A.  Husband and Wife shall each hold the other free and harmless from the use and

17  operation of the vehicle or vehicles confirmed or awarded to each of them.

18      B.  If any claim, action or proceeding is later brought seeking to hold Wife liable on

19  account of the future use and operation of a vehicle confirmed or awarded to Husband, Husband

20  shall defend, indemnify and hold Wife harmless from all liabilities, costs and expenses relative to

21  that claim, including reasonable attorneys fees and costs incurred by Wife in defending or

22  responding to any collection claim, action or proceeding and any amounts paid by Wife in

23  satisfaction of any judgment or other award.

24

25

26

27  Marriage of Fairhurst          Page 13 of 23        Attachment to Judgment (6/22/07)

28

**EXHIBIT 1**
**14 of 24**

1      C.      If any claim, action or proceeding is later brought seeking to hold Husband liable on

2  account of the future use and operation of a vehicle confirmed or awarded to Wife, Wife shall

3  defend, indemnify and hold Husband harmless from all liabilities, costs and expenses relative to

4  that claim, including reasonable attorneys fees and costs incurred by Husband in defending or

5  responding to any collection claim, action or proceeding and any amounts paid by Husband in

6  satisfaction of any judgment or other award.

7  *24.    SOCIAL SECURITY*

8      Each party recognizes that there is a scheme of social security retirement to which

9  contributions may have been made by a party from their community property earnings during the

10  marriage. Each party further acknowledges that a spouse married for ten (10) or more years to a

11  party who has contributed to Social Security, has independent Social Security rights under the

12  Social Security Act ("derivative benefits"), but no community property rights under present

13  California law in the other party's Social Security benefits. Acknowledging this state of the law, and

14  recognizing that the law may be subject to change, each party waives and quitclaims any right to

15  claim an interest in the Social Security benefits received by the other. Nothing herein is intended

16  to affect or limit a party's right to receive derivative benefits.

17  *25.    REPRESENTATION BY COUNSEL AND KNOWLEDGE OF AGREEMENT*

18      a.    Husband acknowledges that he has retained SARA R. NEUMANN, ESQ., to advise

19  him in connection with this dissolution of marriage proceeding and with the negotiation and

20  preparation of this Agreement.

21      b.    Wife acknowledges that she has retained MARISA L. MONTGOMERY, ESQ., to

22  advise her in connection with this dissolution of marriage proceeding and with the negotiation and

23  preparation of this Agreement.

24

25

26

27  Marriage of Fairhurst            Page 14 of 23      Attachment to Judgment (6/22/07)

28

**EXHIBIT 1**
**15 of 24**

c.      Each party acknowledges that before the execution of this Agreement each has had independent legal advice concerning his or her rights, duties and obligations, and concerning the legal effects of this Agreement. Each of the parties has read this Agreement and each of its provisions in full and acknowledges that he or she freely and voluntarily enters into it.

**26.    WAIVER OF RIGHT TO INHERIT BY WILL OR OTHERWISE**

A.      Except as specifically provided to the contrary in this Agreement, each party waives any and all right to inherit any portion of the estate of the other, either by Will or by intestate succession. Further, each party waives the right to claim any family allowance or probate homestead. If either party has an existing Will leaving a part or all of that party's estate to the other party, any such property that shall be received by that party, shall be received in trust for the immediate heirs at law of the deceased party. That party shall immediately distribute any property so obtained to such heirs. This provision shall not prevent one party inheriting all or a portion of the other's estate, if the surviving divorced spouse is specifically named in a Will or Trust Agreement providing for said surviving ex-spouse and the testamentary document (such as a Will) was created, signed or otherwise reaffirmed in writing after execution of this Agreement. Furthermore, in accordance with Probate Code §§6122 and 6226, Husband and Wife each hereby revoke any presently existing Will or Trust Agreement which provides for a testamentary disposition to the other.

B.      With respect to the waivers set forth in this section, each party waives the disclosure required by Probate Code §143. This waiver shall not apply however, to any other provision of this Agreement, nor shall it relieve a party of any duty imposed by law or this Agreement, except with respect to the waivers contained in this section.

**EXHIBIT 1**
**16 of 24**

1    27.    RESERVATION OF JURISDICTION

2    In the Judgment of Dissolution of Marriage anticipated by this Agreement, there shall be reserved

3    to the San Diego County Superior Court, in addition to the jurisdiction specifically mentioned

4    elsewhere in this Agreement, the jurisdiction to:

5             A.    Supervise the payment of any obligation ordered paid or allocated in this

6    Agreement;

7             B.    Supervise the division of assets as agreed in this Agreement;

8             C.    Supervise the execution of any documents required or reasonably necessary to

9    carry out the terms of this Agreement; and

10            D.    Supervise the overall enforcement of this Agreement.

11   28.    TERMINATION OF MARITAL STATUS

12            Either party may obtain a Judgment of Dissolution of Marriage by declaration pursuant to

13   Family Code section 2336 or by personal appearance on the uncontested default calendar before

14   a commissioner, judge, or judge pro tem without further notice to the other party.  The Judgment of

15   Dissolution of Marriage shall provide for termination of the parties' marital status on the earliest

16   date allowed by law.

17   29.    INCORPORATION OF AGREEMENT

18            This Agreement in its entirety shall be incorporated into, made a part of, and merged into

19   any Judgment of Dissolution entered in the dissolution of marriage proceeding now pending.

20   However, this Agreement is not conditional upon such incorporation, merger or filing.  Husband

21   and Wife shall submit to an order requiring them to observe, carry out and perform each and every

22   term and provision of this Agreement.  The warranty provisions of this Agreement, however, shall

23

24

25

26

27   Marriage of Fairhurst                        Page 16 of 23          Attachment to Judgment (6/22/07)

28

**EXHIBIT 1**
**17 of 24**

1   not merge into the Judgment and these warranty provisions shall remain viable and enforceable

2   remedies available to either of the parties after the Judgment is entered.

3   **30.    WAIVER OF DISCLOSURES REGARDING VALUE**

4        The parties have acquired various real and personal properties of unknown or speculative

5   values.  It is understood by the parties that neither party has made or is now making any

6   representations, promises or warranties to the other regarding the value of any properties which

7   are or may be community in nature.  Each party has conducted his or her own discovery and

8   investigation regarding property values, and has consulted with professionals as deemed

9   necessary.  Each party relies upon his or her own discovery, investigation, assessment and

10  judgment concerning the value of all properties.  Therefore, each party waives and relieves the

11  other party from the fiduciary obligation of disclosure of material facts and information regarding

12  values required by Family Code section 1100 and section 2105.

13  **31.    WAIVERS**

14       With regard to any such Judgment that incorporates this Agreement, the parties waive a

15  statement of decision, the right to a new trial, the right to petition for a rehearing, the right to appeal

16  and any rights under the Soldiers' and Sailors' Civil Relief Act of 1940, as amended.

17  **32.    FINAL DECLARATIONS OF DISCLOSURE WAIVERS**

18       The parties have previously exchanged Final Declarations of Disclosure and Income and

19  Expense Declarations as is required by Family Code section 2105.  Each party acknowledges that

20  he or she has read and understood the other party's Final Declaration of Disclosure and Income

21  and Expense Declaration.  Neither party desires any further information or clarification with respect

22  to matters disclosed on the Final Declaration of Disclosure and the Income and Expense

23  Declaration served on them. Each party shall execute and file with the Court, concurrent with the

24

25

26

27  Marriage of Fairhurst                Page 17 of 23         Attachment to Judgment (6/22/07)

28

**EXHIBIT 1**
**18 of 24**

1    execution of this Agreement (if they have not already done so), a declaration signed under penalty

2    of perjury stating that service of the Final Declaration of Disclosure and a current Income and

3    Expense Declaration was made on the other party.

4    33.    JUDICIAL ACTION

5        Either party, without further notice to the other, may obtain a Judgment of Dissolution of

6    Marriage by declaration pursuant to Family Code §2336 or by personal appearance on the

7    uncontested default calendar before a commissioner, judge, or judge pro tem.

8    34.    FILING OF STIPULATED JUDGMENT

9        Upon execution of this Agreement, the party retaining the original shall file it with the San

10    Diego Superior Court in a timely fashion and have it made an order of the court.  The court shall

11    retain jurisdiction to resolve any disputes that arise between the parties relative to the filing of this

12    Stipulated Judgment.  An executed copy may be filed as an original if the original of this

13    Agreement is lost or destroyed.

14    35.    RECONCILIATION

15        Any reconciliation between the parties shall not cancel, terminate or modify the force or

16    effect of any provision of this Agreement dealing with the assets or obligations of either party,

17    unless the parties agree to the contrary in writing.

18    36.    OTHER TERMS AND CONDITIONS

19        A.    Successors

20        This Agreement shall inure to the benefit of and be binding on each party and the heirs,

21    personal representatives, assigns and other successors-in-interest of each party.

22        B.    Entire Agreement

23

24

25

26

27    Marriage of Fairhurst                    Page 18 of 23        Attachment to Judgment (6/22/07)

28

EXHIBIT 1
19 of 24

1   This Agreement and any other instrument(s) executed at the same time as this Agreement

2   contain the full, final, complete and exclusive agreement of the parties concerning the subject

3   matters covered and the rights and duties set forth in this Agreement.  This agreement may not be

4   waived, altered, amended or modified except by an instrument in writing executed by both parties.

5   Except as provided to the contrary herein, any previous oral or written agreements between the

6   parties are entirely superseded by this Agreement.

7      C.   Effect of Waiver

8   No waiver of the breach of any of the terms or provisions of this Agreement shall be (or

9   shall be construed to be) a waiver of any preceding or succeeding breach of the same or any other

10   provision of this Agreement.

11      D.   Unenforceability of Part of the Agreement

12   Should any section, provision or portion of this Agreement be held to be invalid, illegal, void

13   or unenforceable, then that section, provision or portion shall be deleted from this Agreement and

14   the Agreement shall be read as though such invalid, illegal, void or unenforceable section,

15   provision or portion was never included and the remainder of this Agreement, excluding such

16   invalid, illegal, void or unenforceable section, provision or portion, shall continue in full force and

17   effect.

18      E.   Applicable Law

19   This Agreement is entered into in the State of California and shall be construed and

20   interpreted under and in accordance with the laws of the State of California applicable to

21   agreements made and to be wholly performed in the State of California.  California law shall also

22   govern the relationship between the parties in connection with any assets retained by them as

23   tenants-in-common.

24

25

26

27   Marriage of Fairhurst                    Page 19 of 23          Attachment to Judgment (6/22/07)

28

EXHIBIT 1
20 of 24

1    F.    Counterparts

2    This Agreement may be executed in any number of counterparts, any one of which shall be

3    deemed to be the original, although others are not produced.

4    G.    Representations

5    Neither of the parties, nor any of his or her representatives, has made any representation or

6    warranty to the other party upon which the other party is relying in entering into this Agreement,

7    except as expressly provided in this Agreement.

8    H.    Consideration

9    Each provision of this Agreement is consideration for each other provision.

10    I.    Documents and Cooperation

11    Each of the parties agrees on the request of the other, to execute and deliver any

12    instrument, furnish any information and perform any other acts reasonably necessary to carry out

13    the provisions of this Agreement without undue delay or expense.  A party who fails to comply with

14    this subsection shall reimburse the other party for all costs and expenses, including attorney fees

15    and court costs, which, as a result of such failure, become reasonably necessary to carry out this

16    Agreement.  Upon a party's failure to execute a document reasonably required to carry out the

17    provisions of this Agreement, the parties agree the Court may appoint the County Clerk or the

18    County Clerk's appointed deputy, upon ex parte application with appropriate notice, as an elisor to

19    sign said document on behalf of the party who failed to do so voluntarily.  This section shall not

20    constitute a waiver of any privilege afforded by law.

21    J.    Present Tense

22    The present tense as used in this Agreement refers to matters as of its effective date.

23    K.    Captions and Interpretations

24

25

26

27    Marriage of Fairhurst              Page 20 of 23        Attachment to Judgment (6/22/07)

28

EXHIBIT 1
21 of 24

1    The captions of this Agreement are employed solely for convenience and are not to be

2    used as an aid in interpretation.  No provision in this Agreement is to be interpreted for or against

3    either party because that party or his or her legal representative drafted the provision.

4    L.    Number and Gender

5    Whenever the singular number is used in this Agreement, when required by the context, the

6    singular shall include the plural; and the masculine, feminine and neuter genders shall each

7    include the others; and, the word "person" shall include corporation, firm, partnership, joint venture,

8    trust or estate.

9    M.    Notices

10    All notices required by this Agreement to be delivered to Husband shall be mailed to him at

11    C/O Yelman & Associates, 3333 Camino Del Rio S. Ste 140, San Diego, CA 92108, or any other address of which he notifies Wife

12    in writing.

13    All notices required by this Agreement to be delivered to Wife shall be mailed to her at

14    1203 Marline Avenue, El Cajon CA 92021, or any other address of which she notifies

15    Husband in writing.

16    39.    ACKNOWLEDGMENTS

17    A.    Each party acknowledges and declares that he or she respectively:

18    (1)    Is fully and completely informed as to the facts relating to the subject matter

19    of this Agreement, and as to the rights and liabilities of both parties;

20    (2)    Enters into this Agreement voluntarily, free from fraud, undue influence,

21    coercion or duress of any kind;

22    (3)    Has given careful and mature thought to the making of this Agreement; and

23

24

25

26

27    Marriage of Fairhurst            Page 21 of 23        Attachment to Judgment (6/22/07)

28

# EXHIBIT 1
## 22 of 24

1

        (4)     Fully and completely understands the legal effect of each provision of this

2   Agreement.

3        B.     There have been no promises, agreements or undertakings of either of the parties

4   to the other, except as set forth in this Agreement, relied upon by either as a matter of inducement

5   to enter into this Agreement.  Each party has read this Agreement and is fully aware of its contents

6   and its legal effect.

7   THE FOREGOING IS AGREED TO BY:

8

9   Dated: 8/6 0/07

                                       EDWARD FAIRHURST, Husband

10

11   Dated: 8/22/07

                                       ROXANNE FAIRHURST, Wife

12

13   APPROVED AS TO FORM:

14   Dated: 8/13/07

15                                    SARA R. NEUMANN, ESQ.

16                                    Attorney for Husband, Edward Fairhurst

17   Dated: 8-22-07

18                                    MARISA L. MONTGOMERY, ESQ.

                                    Attorney for Wife, Roxanne Fairhurst

19

20

21

22

23

24

25

26

27   Marriage of Fairhurst               Page 22 of 23         Attachment to Judgment (6/22/07)

28

**EXHIBIT 1**
**23 of 24**

STATE OF CALIFORNIA )
                    )
COUNTY OF SAN DIEGO) *ORANGE*

On *August 10*, 2007, before me, *LUZ M. RENTERIA, A NOTARY PUBLIC*
(insert name and title of the officer), personally appeared EDWARD FAIRHURST, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that he/ she/ they executed the same in his/ her/ their authorized capacity(ies), and that by his/ her/ their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____
NOTARY PUBLIC

SEAL.

> LUZ M. RENTERIA
> COMM...1504771
> NOTARY PUBLIC-CALIFORNIA
> ORANGE COUNTY
> My Term Exp. August 20, 2008

STATE OF CALIFORNIA )
                    )
COUNTY OF SAN DIEGO)

On *August 22,*, 2007, before me, *Rachel Pasol, a Notary Public*
(insert name and title of the officer), personally appeared ROXANNE FAIRHURST, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that he/ she/ they executed the same in his/ her/ their authorized capacity(ies), and that by his / her/ their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

*Rachel Pasol*
_____
NOTARY PUBLIC

SEAL.

> RACHEL PASOL
> Commission # 1783029
> Notary Public - California
> San Diego County
> My Comm. Expires Jun 24, 2011

Marriage of Fairhurst                Page 23 of 23        Attachment to Judgment (6/20/07)

EXHIBIT 1
24 of 24